NF

# FILED

NR

MAR 0 6 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*JUDGE KOCORAS*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No: 07 CR 580 |
| | ) |
| v. | ) Hon. Charles P. Kocoras |
| | ) |
| | ) Violations: Title 18, United States |
| | ) Code, Sections 371, 1341, 1346, |
| RICHARD LOPEZ, | ) and 2; |
| CASSANDRA MOSLEY, | ) Title 29, United States Code, |
| DAVID RODRIGUEZ, | ) Section 501(c) |
| ROBERT WALSTON, and | ) |
| THADDEUS BANIA. | ) **SUPERSEDING INDICTMENT** |
| | ) |

## COUNT ONE

**MAGISTRATE JUDGE DENLOW**

The SPECIAL AUGUST 2006-2 GRAND JURY charges:

1.   At times material to this Superceding Indictment:

### GENERAL ALLEGATIONS

### Local 743 of the International Brotherhood of Teamsters

a.   International Brotherhood of Teamsters ("the Teamsters") is an international labor organization with over one million members. Local 743 is a local labor union based in Chicago, Illinois, chartered by the Teamsters. Local 743 is subject to the constitution of the Teamsters and the by-laws of Local 743.

b.   Local 743 represents members in collective bargaining with employers engaged in warehouse, office, service, and other industries affecting interstate and foreign commerce with respect to wages, hours, grievances, and other terms and conditions of employment. Pursuant

to that representation, Local 743 has executed collective bargaining agreements with employers within its jurisdiction covering the Chicago area and Northern Indiana.

    c. Both the Teamsters and Local 743 are "labor organizations" engaged in industries and activities affecting commerce within the meaning of the Labor Management Reporting and Disclosure Act ("LMRDA"), Title 29, United States Code, Sections 402(I) and (j), and are subject to the provisions of the LMRDA governing "labor organizations."

    d. As a labor organization, Local 743 was required by section 481(b) of the LMRDA to hold elections for its officers every three years.

### The Defendants

    e. Defendant ROBERT WALSTON was an officer and a person employed by Local 743, that is, secretary-treasurer from 1999 until 2001, and president from 2001 until August 2007.

    f. Defendant RICHARD LOPEZ was an officer and a person employed by Local 743, that is, recording secretary and a business agent from 1999 to 2005, secretary-treasurer from January 2006 to August 2007, and president from September 2007 to December 2007.

    g. Defendant THADDEUS BANIA was a person employed by Local 743 as comptroller and dues administrator from 2001 until December 2007.

    h. Defendant CASSANDRA (DAVIS) MOSLEY was a person employed by Local 743 as a business agent and organizer from 1991 until December 2006.

    i. Defendant DAVID RODRIGUEZ was a person employed by Local 743 as an organizer from 2003 to July 2007.

     j.       Mark Jones was a person employed by Local 743 as the director of organizing and a business agent from 2003 to July 2006.

### Duties Upon Officers and Employees

2.      Pursuant to the LMRDA, Title 29, United States Code, Section 501(a), "officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group." As an officer, agent, and/or representative of Local 743, each of the Defendants was subject to section 501(a) of the Labor Management Reporting and Disclosure Act, Title 29, United States Code. In such capacities, Defendants occupied a position of trust in relation to Local 743 and its members as a group, and were subject to the fiduciary duties set forth in section 501(a) including: (1) to hold its money and property solely for the benefit of Local 743 and its members and to manage and expend the same in accordance with the Teamsters Constitution and the by-laws of Local 743 and applicable resolutions of Local 743's governing bodies; (2) to refrain from dealing with Local 743 as an adverse party or on behalf of an adverse party in any matter connected with their duties; and (3) to refrain from holding or acquiring any pecuniary or personal interest which conflicts with the interests of Local 743 in any transaction conducted by him or under his direction on behalf of Local 743.

3.      Local 743 constitutes a "local labor organization." As a local labor organization, the elections of officers in Local 743 are subject to Sections 481(b),(c), and (e) of the LMRDA.

4.      Pursuant to Section 481(b) of the LMRDA, "Every local labor organization shall elect its officers not less often than once every three years by secret ballot among the members in good standing."

3

5.    Pursuant to Section 481(c) of the LMRDA, "Adequate safeguards to insure a fair election shall be provided, including the right of any candidate to have an observer at the polls and at the counting of the ballots."

6.    Pursuant to the Section 481(e) of the LMRDA:

In any election required by this section which is to be held by secret ballot . . . every member in good standing . . . shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof.

Each member in good standing shall be entitled to one vote. The votes cast by members of each local labor organization shall be counted, and the results published, separately.

The election shall be conducted in accordance with the constitution and bylaws of such organization insofar as they are not inconsistent with the provisions of this subchapter.

7.    As members of the Teamsters, each of the Defendants was subject to the Teamsters Constitution, including the following provisions:

Sections 7(b)(1), (2), and (3) of Article XIX which prohibits members and officers from committing a violation of any specific provision of the Constitution, Local Union Bylaws or rules of order, or failure to perform any of the duties specified thereunder; committing a violation of oath of office or of the oath of loyalty to the Local Union and the International Union; and breaching a fiduciary obligation owed to any labor organization by any act of embezzlement or conversion of union's funds or property;

Section 9 of Article XIX which prohibits members and officers from wrongfully taking or retaining any money, books, papers, or any other property belonging to the International Brotherhood of Teamsters, any Joint Council, Local Union, or other sub-ordinate body;

Section 4(b) of Article XXII which specifies that the Local Union's Executive Board shall provide safeguards for the honest and fair conduct of local union election of officers.

4

8.      As officers of Local 743, Defendants ROBERT WALSTON and RICHARD LOPEZ were subject to the by-laws of Local 743, including Section 15, which requires all officers faithfully to comply with and enforce the terms of the Teamsters Constitution and to be accountable to the membership with respect to the performance of their duties in handling the property of Local 743.

## Election of Local 743 Officers in 2004

9.      On or about August 2004, the Executive Board of Local 743 scheduled a mail ballot election for its officers for the term January 2005 through December 2007 to be held from September 22 to October 16, 2004 ("the October 2004 election") and adopted rules and procedures governing that election.

10.     In September 2004, Local 743 purchased official ballot packages for the October 2004 election consisting of: (1) an outer envelope in which the ballots would be delivered by mail to Local 743 members; (2) a secret ballot; (3) a secret ballot envelope in which a cast ballot would be sealed; and (4) a return envelope in which the cast ballots inside the secret ballot envelope would be returned by mail to Local 743 for tallying.

11.     On or about September 22, 2004, the official ballot packages in the October 2004 election were mailed to Local 743 members.

12.     On or about October 16, 2004, the elections officer for the October 2004 election began tallying the ballots which had been returned by mail to Local 743.

13.     On or about October 18, 2004, the Executive Board of Local 743 permanently suspended the tallying of ballots in the October 2004 election before its conclusion and scheduled

5

a rerun election to be held from November 9 through December 4, 2004 ("the December 2004 election").

14.    In November 2004, Local 743 purchased official ballot packages for use in the December 2004 election consisting of: (1) an outer envelope in which the ballots would be delivered by mail to Local 743 members; (2) a secret ballot; (3) a secret ballot envelope in which a cast ballot would be sealed; and (4) a return envelope in which the cast ballots inside the secret ballot envelope would be returned by mail to Local 743 for tallying.

15.    On or about November 9, 2004, the official ballot packages in the December 2004 election were mailed to Local 743 members.

16.    On or about December 4, 2004, the elections officer for the December 2004 election began tallying the ballots which had been returned by mail to Local 743.

17.    Beginning at least as early as August 2004 and continuing at least through May 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> RICHARD LOPEZ,
> CASSANDRA MOSLEY,
> DAVID RODRIGUEZ,
> ROBERT WALSTON, and
> THADDEUS BANIA,

defendants herein, along with Mark Jones and other persons both known and unknown to the Grand Jury, knowingly conspired and agreed with each other and with other persons known and unknown to the grand jury, to commit offenses against the United States, that is:

        a.    to devise and participate in a scheme to defraud and to obtain from Local 743:

            i.    money and property, including official ballot packages in the October and December 2004 elections and the authorized salaries, benefits, and expenses, for

6

all of its duly-elected officers for the period January 1, 2005 until December 31, 2007;

and from Local 743 and its membership:

        ii.    the intangible right of honest services of Defendants ROBERT WALSTON and RICHARD LOPEZ, including the honest services they owed to Local 743 and its members;

by means of materially false and fraudulent pretenses, representations, and promises, and material omissions, and in furtherance of that scheme, to use or cause the use of the United States mails, in violation of Title 18, United States Code, Sections 1341 and 1346; and

        b.    to embezzle, steal and unlawfully and willfully abstract and convert to their own use and to the use of others property and other assets of Local 743, in violation of Title 29, United States Code, Section 501(c).

### Method and Means of the Conspiracy Was Conducted

    18.    It was part of the conspiracy that Defendants, along with Mark Jones and others known and unknown to the Grand Jury, engaged in a scheme to defraud Local 743 of money and property and Local 743 and its members of the intangible right of honest services of Defendants ROBERT WALSTON and RICHARD LOPEZ, and to obtain money and property from Local 743, including hundreds of official ballot packages in both the October 2004 and December 2004 elections of officers in Local 743 and the authorized salaries, benefits, and expenses, for all of its duly-elected officers for the period January 1, 2005 until December 31, 2007, by means of materially

7

false and fraudulent pretenses, representations, and promises, and material omissions, which scheme is more fully described in paragraphs 2 through 37 of Count Two of this superseding indictment.

19.     It was a further part of the conspiracy that Defendants used and caused to be used the United States mails to defraud Local 743 of its money and property and Local 743 and its membership of the intangible right of honest services of Defendants ROBERT WALSTON and RICHARD LOPEZ, as more fully described in Counts Two through Five of this superseding indictment.

20.     It was further part of the conspiracy that Defendants and others known and unknown to the Grand Jury, embezzled, stole, and unlawfully and willfully abstracted and converted to their own use and to the use of others the property and other assets of Local 743, including hundreds of official ballot packages in both the October 2004 and December 2004 elections in Local 743, contrary to rules and procedures governing the election of such officers, as more fully described in Counts Six through Fourteen of this superseding indictment.

21.     It was further part of the conspiracy that in order to ensure that the incumbent officers of Local 743, known as the "Unity Slate," would win the officer election held in 2004, Defendants, and others known and unknown to the Grand Jury, cast and caused to be cast the diverted ballots collected and converted by Defendants during the balloting period in both the October 2004 and December 2004 elections for all candidates on the Unity Slate, contrary to the rules and procedures governing the elections, as more fully described in paragraphs 2 through 37 of Count Two of this superseding indictment.

8

22.     It was further part of the conspiracy that Defendants misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and acts done in furtherance of the conspiracy.

## OVERT ACTS

23.     In furtherance of the conspiracy and to effect the objects and purposes thereof, the following overt acts, among others, were committed and caused to be committed by the Defendants, and others, in the Northern District of Illinois and elsewhere:

    a.     On or about September 7 and 10, 2004, Defendants and other persons known and unknown to the Grand Jury changed and caused to be changed the addresses of hundreds of Local 743 members in the Teamster International Terminal Accounting Network ("TITAN") database for Local 743, from the addresses previously provided by Local 743 members, to those addresses belonging to defendants' friends, family members, and confidantes;

    b.     On or about September 17, 2004, Defendants and other persons known and unknown to the Grand Jury caused the fraudulently-altered list of addresses of Local 743 members to be delivered to a business hired by Local 743 for use in printing the official ballot packages and mailing those packages to Local 743 members;

    c.     On or about September 22, 2004, Defendants and other persons known and unknown to the Grand Jury caused official ballot packages to be sent through the United States mail, by a business hired by local 743, to the addresses reflected for Local 743 members in the fraudulently altered address list.

9

d.      In or about late September 2004, Defendant CASSANDRA MOSLEY collected approximately two official ballot packages for the October 2004 election of officers in Local 743, which had been mailed to an address, known to the Grand Jury, in Merrillville, Indiana (Address No. 1);

e.      In or about late September 2004, Defendant CASSANDRA MOSLEY collected approximately three official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Gary, Indiana (Address No. 2);

f.      In or about late September 2004, Defendant CASSANDRA MOSLEY collected approximately two official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Gary, Indiana (Address No. 3);

g.      In or about late September 2004, Defendant CASSANDRA MOSLEY possessed approximately three official secret ballot envelopes for the October 2004 election of officers in Local 743, which were mailed to addresses, known to the Grand Jury, in Chicago, Illinois and Forest Park, Illinois (Address Nos. 15, 16 and 17);

h.      In or about late September 2004, Mark Jones collected approximately four official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Lockport, Illinois (Address No. 4);

10

i.       In or about late September 2004, Mark Jones collected approximately four official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Plainfield, Illinois (Address No. 5);

j.       In or about late September 2004, Mark Jones collected approximately four official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Bolingbrook, Illinois (Address No. 6);

k.       In or about late September 2004, Defendant DAVID RODRIGUEZ collected approximately four official ballot packages for the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Cicero, Illinois (Address No. 7);

l.       On or about late September 2004, Defendant DAVID RODRIGUEZ collected approximately four official ballot packages in the October 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Chicago, Illinois (Address No. 8);

m.       Between on or about October 29 through on or about November 9, 2004, Defendants and other persons both known and unknown to the Grand Jury changed or caused to be changed the addresses of hundreds of Local 743 members in the TITAN database for Local 743 from the members' previously recorded addresses to addresses provided by defendants for Defendants' friends, family, and other confidantes;

n.       On or about September 22 through October 16, 2004, Defendants and other persons both known and unknown to the Grand Jury marked, and caused to be marked, ballots for all candidates on the Unity Slate and cast, and caused to be cast, by mail approximately 118 ballots in the October 2004 election of officers in Local 743 bearing the names of the Local 743 members;

11

o.    On or about November 5, 2004, Defendants and other persons both known and unknown to the Grand Jury caused an electronic computer list of addresses of Local 743 members from the TITAN database for Local 743 to be delivered to a business hired by Local 743 to print the official ballot packages and then mail those official ballot packages to Local 743 members;

p.    On or about November 9, 2004, Defendants and other persons both known and unknown to the Grand Jury caused official ballot packages to be mailed by a business hired by local 743, located in the Northern District of Illinois, by United States Mail to the addresses for those Local 743 members appearing in the electronic computer list of addresses from the TITAN database for Local 743;

q.    In or about mid-November 2004, Defendant CASSANDRA MOSLEY collected approximately five official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Gary, Indiana (Address No. 9);

r.    In or about mid-November 2004, Defendant CASSANDRA MOSLEY collected approximately seven official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Gary, Indiana (Address No. 10);

s.    In or about mid-November 2004, Defendant CASSANDRA MOSLEY collected approximately seven official ballot packages for the December 2004 election of officers

12

in Local 743, which were mailed to an address, known to the Grand Jury, in Gary, Indiana (Address No. 11);

       t.     In or about mid-November 2004, Defendant CASSANDRA MOSLEY possessed approximately one official secret ballot envelope for the December 2004 election of officers in Local 743, which were mailed to addresses, known to the Grand Jury, in Chicago, Illinois and Forest Park, Illinois (Address No. 21);

       u.     In or about mid-November 2004, Defendant RICHARD LOPEZ collected approximately seven official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Melrose Park, Illinois (Address No. 12);

       v.     In or about mid-November 2004, Defendant RICHARD LOPEZ collected approximately five official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Melrose Park, Illinois (Address No. 13);

       w.     In or about mid-November 2004, Defendant DAVID RODRIGUEZ collected approximately five official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Cicero, Illinois (Address No. 7);

       x.     In or about mid-November 2004, Defendant DAVID RODRIGUEZ collected approximately five official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Chicago, Illinois (Address No. 14);

y.    In or about mid-November 2004, Defendant DAVID RODRIGUEZ collected approximately six official ballot packages for the December 2004 election of officers in Local 743, which were mailed to an address, known to the Grand Jury, in Chicago, Illinois (Address No. 8);

z.    In or about mid-November 2004, Defendant DAVID RODRIGUEZ possessed approximately three official secret ballot envelopes and approximately three secret ballots for the December 2004 election of officers in Local 743, which were mailed to addresses, known to the Grand Jury, in Chicago, Illinois (Addresses No. 18, 19, 20 and 21);

aa.    On or about November 9 through December 3, 2004, Defendants and other persons both known and unknown to the Grand Jury marked, and caused to be marked, ballots for all candidates on the Unity Slate and then cast, and caused to be cast, by mail approximately 142 ballots in the December 2004 election of officers in Local 743 bearing the names of the Local 743 members;

bb.    In or about May 2005, Defendants CASSANDRA MOSLEY and THADDEUS BANIA provided false and misleading testimony under oath in depositions in the civil matter *Chao v. Local 743, International Brotherhood of Teamsters*, Case No. 05-C-4642 (N.D.Ill.).

All in violation of Title 18, United States Code, Section 371 and 2.

14

## COUNT TWO

The SPECIAL AUGUST 2006-2 GRAND JURY charges:

1.      The allegations contained in paragraphs 1 through 16 of Count One of this superceeding indictment are realleged and incorporated as though fully set forth herein.

### The Scheme to Defraud

2.      Beginning at least as early as August 2004 and continuing at least through May 2005, in Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RICHARD LOPEZ,
CASSANDRA MOSLEY,
DAVID RODRIGUEZ,
ROBERT WALSTON, and
THADDEUS BANIA,

defendants herein, along with Mark Jones and other persons both known and unknown to the Grand Jury, did devise and intend to devise a scheme to defraud Local 743 of money and property and Local 743 and its members of the intangible right of honest services of Defendants ROBERT WALSTON and RICHARD LOPEZ, and to obtain money and property from Local 743, including hundreds of official ballot packages in both the October 2004 and December 2004 elections of officers in Local 743 and the authorized salaries, benefits, and expenses, for all of its duly-elected officers for the period January 1, 2005 until December 31, 2007, by means of materially false and fraudulent pretenses, representations, and promises, and material omissions, which scheme is further described in the following paragraphs.

3.      The scheme to defraud devised by Defendants was intended to deprive Local 743 of its money and property, including official ballot packages in the October and December 2004

15

elections and the authorized salaries, benefits, and expenses, for all of its duly-elected officers for the period January 1, 2005 until December 31, 2007.

4.     The scheme was further intended to deprive Local 743 and its members of their intangible right to the honest services of Defendants ROBERT WALSTON and RICHARD LOPEZ, including the honest services Defendants ROBERT WALSTON and RICHARD LOPEZ owed to Local 743 and its members pursuant to sections 481(b), (c), and (e) and 501(a) of the LMRDA, Articles XIX and XXII of the Teamsters Constitution, and section 15 of the By-Laws of Local 743.

5.     The scheme was further intended to deprive Local 743 and its members of their intangible right to the honest services of Defendants ROBERT WALSTON and RICHARD LOPEZ, as set forth above, and thus provide private gain to Defendants ROBERT WALSTON and RICHARD LOPEZ consisting of occupancy of their respective Local 743 union offices and the authorized salaries, benefits, and expenses for those offices for the period January 1, 2005 until December 31, 2007.

## Manner and Means of the Scheme to Defraud

6.     It was part of the scheme that Defendants and other persons both known and unknown to the Grand Jury would maximize the likelihood that all candidates on the Unity Slate in the 2004 election of officers in Local 743, which included Defendant ROBERT WALSTON for president and Defendant RICHARD LOPEZ for recording secretary, would be declared the winners in the election and take the constitutional offices, whether or not they received a plurality of legitimate votes cast.

7.     It was further part of the scheme that Defendants and other persons both known and unknown to the Grand Jury would increase the vote total for all candidates on the Unity Slate in the

16

2004 balloting in election of officers of Local 743, which included Defendant ROBERT WALSTON

for president and Defendant RICHARD LOPEZ for recording secretary, with ballots cast contrary

to the rules and procedures of the election.

       8.     It was further part of the scheme that Defendants and other persons both known and

unknown to the Grand Jury would cast fraudulent ballots for all candidates on the Unity Slate by

using the names of Local 743 members.

       9.     It was further part of the scheme that Defendants and other persons both known and

unknown to the Grand Jury would aid and abet each other accomplishing the objects of the scheme

to defraud, including defrauding Local 743 and its members of the intangible right of honest services

of Defendants ROBERT WALSTON and RICHARD LOPEZ.

### Misdirecting official ballot packages by mail

      10.    It was further part of the scheme that, in order to maximize the likelihood that all

candidates on the Unity Slate would be declared winners of the election of officers held in 2004,

Defendants and others known and unknown to the Grand Jury cast or caused to be cast official

ballots diverted by Defendants during the balloting period in both the October and December

2004 elections, contrary to the rules and procedures governing the elections.

      11.    It was further part of the scheme that Defendants, and others known and unknown to

the Grand Jury, secretly changed the addresses of Local 743 members in the Local 743 TITAN

database to other addresses provided by Defendants, so that official ballot packages which should

have been mailed to Local 743 members would instead be mailed to Defendants' friends, family, and

other confidantes.

12. It was further part of the scheme that Defendants and other persons both known and unknown to the Grand Jury identified workplaces with employees represented by Local 743 where the membership had a history of not casting their ballots in Local 743's union officer elections.

13. It was further part of the scheme that Defendants CASSANDRA MOSLEY, DAVID RODRIGUEZ, along with Mark Jones and others known and unknown to the Grand Jury, prior to the October 2004 election, collected addresses of and their friends, family, and other confidantes, to be used in diverting official ballot packages which were supposed to be delivered by mail to Local 743 members eligible to cast ballots.

14. It was further part of the scheme that Defendants CASSANDRA MOSLEY, DAVID RODRIGUEZ, along with Mark Jones and others known and unknown to the Grand Jury, prior to the October 2004 election, provided those addresses to Defendant WALSTON and others within Local 743 with the knowledge that official ballot packages which, in accordance with the rules and procedures governing the election, should have been mailed to the addresses of eligible Local 743 members, would instead be mailed to the addresses provided by Defendants.

15. It was further part of the scheme that Defendants CASSANDRA MOSLEY, RICHARD LOPEZ, and DAVID RODRIGUEZ, and others known and unknown to the Grand Jury, prior to the December 2004 election, collected addresses of their friends, family, and other confidantes to be used in diverting official ballot packages which were supposed to be delivered by mail to Local 743 members eligible to cast ballots.

16. It was further part of the scheme that Defendants CASSANDRA MOSLEY, RICHARD LOPEZ, and DAVID RODRIGUEZ, and others known and unknown to the Grand Jury,

18

prior to the December 2004 elections, provided those addresses to Defendant WALSTON and others within Local 743 with the knowledge that official ballot packages which, in accordance with the rules and procedures governing the election, should have been mailed to the addresses of eligible Local 743 members would instead be mailed to the addresses provided by Defendants.

17.     It was further part of the scheme that Defendants CASSANDRA MOSLEY, RICHARD LOPEZ, DAVID RODRIGUEZ, along with Mark Jones and other persons both known and unknown to the Grand Jury, instructed their friends, family, and other confidantes whose addresses Defendants collected in the October 2004 and December 2004 elections, that they would receive materials from Local 743 soon thereafter by mail, and that they should then save those materials and turn the materials over to Defendants CASSANDRA MOSLEY, RICHARD LOPEZ and DAVID RODRIGUEZ.

18.     It was further part of the scheme that Defendants ROBERT WALSTON and THADDEUS BANIA, and others known and unknown to the Grand Jury, prior to both the October 2004 and December 2004 elections, changed and caused to be changed in the Local 743 TITAN database the addresses of hundreds of Local 743 members because they worked at facilities with a history of low voter participation in officer elections from the member's correct address to the address of one of the family members, friends, or other confidantes provided by Defendants.

19.     It was further part of the scheme that Defendants ROBERT WALSTON and THADDEUS BANIA, and others known and unknown to the Grand Jury, prior to both the October 2004 and December 2004 elections, provided and caused to be provided a list of addresses prepared from the Local 743 TITAN database, which contained the addresses provided by Defendants, to the

19

printing company hired by Local 743 to print and then mail the official ballot packages by the United States Mails to Local 743 members at the addresses appearing on the provided list.

20.     It was further part of the scheme that during the balloting period in the October 2004 election, Defendants CASSANDRA MOSLEY, DAVID RODRIGUEZ, along with Mark Jones and others known and unknown to the Grand Jury, collected the redirected official ballot packages for hundreds of Local 743 members which had been diverted by mail to Defendants' family, friends, and other confidantes.

21.     It was further part of the scheme that during the balloting period in the December 2004 election, Defendants CASSANDRA MOSLEY, RICHARD LOPEZ, and DAVID RODRIGUEZ, and others known and unknown to the Grand Jury, collected the redirected official ballot packages for hundreds of Local 743 members which had been diverted by mail to Defendants' family, friends, and other confidantes.

22.     It was further part of the scheme that Defendant ROBERT WALSTON, and other persons both known and unknown to the Grand Jury, marked, and caused to be marked, the collected ballots for all candidates on the Unity Slate and cast them or caused them to be cast in the October 2004 and December 2004 elections by mail, thereby fraudulently increasing the vote total for all candidates on the Unity Slate by making it appear that an eligible Local 743 member, rather than Defendants, cast the misdirected ballot.

## Theft of undeliverable ballots

23.     It was further part of the scheme that Defendants, and other persons both known and unknown to the Grand Jury, cast, and caused to be cast, ballots for all candidates on the Unity Slate

in the October 2004 election which were obtained from official ballot packages which had been mailed to Local 743 members, but returned to Local 743 as undeliverable, contrary to the rules and procedures of the election.

24.    It was further part of the scheme that Defendant CASSANDRA MOSLEY, and other persons both known and unknown to the Grand Jury, fraudulently increased the vote total for all candidates on the Unity Slate in the October 2004 election by marking ballots, and causing ballots to be marked, which had been taken from the undeliverable ballot packages for all candidates on the Unity Slate and then casting them, and causing them to be cast, by mail, thereby by making it appear that a Local 743 member, rather than Defendants, had cast the ballot.

### Tallying of ballots in October 2004

25.    It was further part of the scheme that the Local 743 Executive Board, when it appeared that the challenging candidate for president of Local 743 on the opposition slate could win that office, upheld an objection of the opposition slate concerning the challenge of a single ballot; ordered all tallying of ballots in the October 2004 election to be permanently suspended; ordered all ballots to be impound by Local 743; ordered a rerun of the election in December 2004; and dismissed the incumbent Election Officer for the rerun election in December 2004.

### Obtaining false replacement ballots

26.    It was further part of the scheme that Defendants, and other persons both known and unknown to the Grand Jury, telephoned the Election Officer in the December 2004 election posing as Local 743 members entitled to a replacement ballot packages, contrary to the rules and procedures governing the election.

21

27.    It was further part of the scheme that Defendants, and other persons both known and unknown to the Grand Jury, in the December 2004 election, requested that the Election Officer send replacement official ballot packages to various addresses of Defendant DAVID RODRIGUEZ' friends, family, and other confidantes, and not to the address where the Local 743 member the caller was posing as resided.

28.    It was further part of the scheme that Defendant DAVID RODRIGUEZ, and other persons both known and unknown to the Grand Jury, retrieved the replacement official ballot packages from the address given, mark, and caused to be marked, the enclosed ballot for all candidates on the Unity Slate, and then cast, and caused to be cast, the enclosed ballot by mail in the December 2004 election, making it appear that a Local 743 member, rather than Defendants, had cast the replacement ballot, thereby fraudulently increasing the vote total for all candidates on the Unity Slate.

### Procuring and using counterfeit envelopes.

29.    It was further part of the scheme that Defendants, and other persons both known and unknown to the Grand Jury, procured counterfeit return envelopes that appeared to be official return envelopes in the December 2004 election.

30.    It was further part of the scheme that Defendants, and other persons both known and unknown to the Grand Jury, collected the names, addresses, and social security numbers of members of Local 743 without their knowledge or permission.

31.    It was further part of the scheme that Defendants DAVID RODRIGUEZ and CASSANDRA MOSLEY, and other persons both known and unknown to the Grand Jury, obtained

official ballots in the December 2004 election, marked, and caused to be marked, the ballots for all candidates on the Unity Slate, placed them in the counterfeit envelopes bearing the name, address, and social security number of the unsuspecting member of Local 743, and cast them, and caused them to be cast, by mail, making it appear that the unsuspecting Local 743 member, rather than Defendants, had cast the ballot, thereby fraudulently increasing the vote total for all candidates on the Unity Slate.

## Supplying False Addresses to Election Officer

32. It was further part of the scheme that DefendantTHADDEUS BANIA, and other persons both known and unknown to the Grand Jury, received requests from the Elections Officer in the December 2004 election to obtain updated addresses for Local 743 members whose ballot packages were returned as undeliverable so that replacement ballot packages could be sent to the updated addresses before the balloting period ended.

33. It was further part of the scheme that Defendant THADDEUS BANIA, and other persons both known and unknown to the Grand Jury, responded to those requests by supplying the Elections Officers with false addresses for Local 743 members, including addresses of the friends, family, and other confidantes of Defendants CASSANDRA MOSLEY, RICHARD LOPEZ, DAVID RODRIGUEZ, so that the persons at those addresses, and not the intended Local 743 members, would receive the replacement ballot packages for the December 2004 election.

34. It was further part of the scheme that during the balloting period in the December 2004 election, Defendants CASSANDRA MOSLEY, RICHARD LOPEZ, DAVID RODRIGUEZ, and others known and unknown to the Grand Jury, collected the misdirected replacement ballot

23

packages for Local 743 members which had been diverted by mail to these Defendants' family, friends, and other confidantes.

35.     It was further part of the scheme that Defendant ROBERT WALSTON, and other persons both known and unknown to the Grand Jury, marked, and caused to be marked, the collected ballots for all candidates on the Unity Slate and cast them, and caused them to be cast, in the December 2004 election by mail, thereby fraudulently increasing the vote total for all candidates on the Unity Slate by making it appear that an eligible Local 743 member, rather than Defendants, cast the misdirected replacement ballot.

36.     It was further part of the scheme that Defendants, and others known and unknown to the Grand Jury, used and caused to be used the United States mails to defraud Local 743 and its members.

37.     It was further part of the scheme that to further the objects of the scheme and to continue the scheme without detection by the members of Local 743, the Election Officers, law enforcement and others, Defendants misrepresented, concealed, and hid, and caused to be misrepresented, concealed and hidden the existence of the scheme, as well as the conduct and the true purposes of the acts committed during and in furtherance of the scheme.

### Execution of the Scheme

38.     On or about September 22, 2004, in Chicago, and elsewhere in the Northern District of Illinois, Eastern Division,

RICHARD LOPEZ,
CASSANDRA MOSLEY,
DAVID RODRIGUEZ, and
THADDEUS BANIA,

24

Defendants herein, along with Mark Jones and others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly placed or caused to be placed in an authorized depository for mail matter approximately 150 official ballot packages in the October 2004 Election of Officers in Local 743 bearing the names of the Local 743 members to be sent and delivered by the Postal Service according to the direction thereon;

In violation of Title 18, United States Code, Sections 1341, 1346 and 2.

## COUNT THREE

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1 through 37 of Count Two of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.     On or about November 9, 2004, in Chicago, and elsewhere in the Northern District of Illinois, Eastern Division,

RICHARD LOPEZ,
CASSANDRA MOSLEY,
DAVID RODRIGUEZ,
ROBERT WALSTON, and
THADDEUS BANIA,

Defendants herein, together with others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly placed or caused to be placed in an authorized depository for mail matter approximately 157 official ballot packages in the December 2004 Election of Officers in Local 743 bearing the names of the Local 743 members to be sent and delivered by the Postal Service according to the direction thereon;

In violation of Title 18, United States Code, Sections 1341, 1346 and 2.

## COUNT FOUR

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1 through 37 of Count Two of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.    On or about September 22, through October 16, 2004, in Chicago, and elsewhere in the Northern District of Illinois, Eastern Division,

CASSANDRA MOSLEY,
DAVID RODRIGUEZ,
ROBERT WALSTON, and
THADDEUS BANIA

defendant herein, along with Mark Jones and others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered approximately 118 cast ballots in the October 2004 Election of Officers in Local 743 bearing the names of the Local 743 members and addressed to Independent Election Officer, Teamsters Local 743, P.O. Box 806518, Chicago, IL 60680-4120;

In violation of Title 18, United States Code, Sections 1341, 1346 and 2.

27

## COUNT FIVE

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1 through 37 of Count Two of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.     On or about November 9, through December 3, 2004, in Chicago, and elsewhere in the Northern District of Illinois, Eastern Division,

> RICHARD LOPEZ,
> CASSANDRA MOSLEY,
> DAVID RODRIGUEZ,
> ROBERT WALSTON, and
> THADDEUS BANIA,

defendant herein, together with others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme and attempting to do so, knowingly placed or caused to be placed in an authorized depository for mail matter approximately one 142 cast ballots in the December 2004 Election of Officers in Local 743 bearing the names of the Local 743 members and addressed to American Arbitration Association, Election Department, 225 N. Michigan Avenue, Suite 1840, Chicago, IL 60601-9510, to be sent and delivered by the Postal Service according to the direction thereon;

In violation of Title 18, United States Code, Sections 1341, 1346 and 2.

28

## COUNT SIX

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The allegations contained in paragraphs 1 through 16 of Count One of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.      On or about September 22, 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

ROBERT WALSTON,

while an officer of, and employed directly and indirectly by, Local 743 and

CASSANDRA MOSLEY, and
THADDEUS BANIA,

while employed directly and indirectly by Local 743, defendants herein, did embezzle, steal and unlawfully and willfully abstract and convert to their own use and to the use of others the property and other assets of said labor organization consisting of at least twenty-six official ballot packages in the October 2004 Election of officers, as described in paragraph 20 in Count Two above, owned by Local 743, each bearing the name of a Local 743 member, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

29

## COUNT SEVEN

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1 through 16 of Count One of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.    On or about November 9, 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

ROBERT WALSTON,

while an officer of, and employed directly and indirectly by, Local 743 and

CASSANDRA MOSLEY, and
THADDEUS BANIA,

while employed directly and indirectly by Local 743, defendants herein, did embezzle, steal and unlawfully and willfully abstract and convert to their own use and to the use of others the property and other assets of said labor organization consisting of at least eighty official ballot packages in the December 2004 Election of officers, as described in paragraph 21 in Count Two above, owned by Local 743, each bearing the name of a Local 743 member, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNT EIGHT

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1 through 16 of Count One of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.    On or about November 9, 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

ROBERT WALSTON,

while an officer of, and employed directly and indirectly by, Local 743 and

RICHARD LOPEZ, and
THADDEUS BANIA,

while employed directly and indirectly by Local 743, defendants herein, did embezzle, steal and unlawfully and willfully abstract and convert to their own use and to the use of others the property and other assets of said labor organization consisting of at least thirteen official ballot packages in the December 2004 Election of officers, as described in paragraph 21 in Count Two above, owned by Local 743, each bearing the name of a Local 743 member, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

31

## COUNT NINE

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1 through 16 of Count One of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.    On or about September 22, 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

### ROBERT WALSTON,

while an officer of, and employed directly and indirectly by, Local 743 and

### DAVID RODRIGUEZ, and
### THADDEUS BANIA,

while employed directly and indirectly by Local 743, defendants herein, did embezzle, steal and unlawfully and willfully abstract and convert to their own use and to the use of others the property and other assets of said labor organization consisting of at least eight official ballot packages in the October 2004 Election of officers, as described in paragraph 20 in Count Two above, owned by Local 743, each bearing the name of a Local 743 member, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

32

## COUNT TEN

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The allegations contained in paragraphs 1 through 16 of Count One of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.      On or about November 9, 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

ROBERT WALSTON,

while an officer of, and employed directly and indirectly by, Local 743 and

DAVID RODRIGUEZ, and
THADDEUS BANIA,

while employed directly and indirectly by Local 743, defendants herein, did embezzle, steal and unlawfully and willfully abstract and convert to their own use and to the use of others the property and other assets of said labor organization consisting of at least eleven official ballot packages in the December 2004 Election of officers, as described in paragraph 21 in Count Two above, owned by Local 743, each bearing the name of a Local 743 member, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

33

## COUNT ELEVEN

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The allegations contained in paragraphs 1 through 16 of Count One of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.      In or about September to October 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

### CASSANDRA MOSLEY,

while employed directly and indirectly by Local 743, defendant herein, did embezzle, steal and unlawfully and willfully abstract and convert to her own use and to the use of others the property and other assets of said labor organization consisting of at least three official ballot packages in the October 2004 Election of officers, as described in paragraph 24 in Count Two above, owned by Local 743, each bearing the name of a Local 743 member, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

34

## COUNT TWELVE

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The allegations contained in paragraphs 1 through 16 of Count One of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.      In or about November to December 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

CASSANDRA MOSLEY, and
DAVID RODRIGUEZ,

while employed directly and indirectly by Local 743, defendants herein, did embezzle, steal and unlawfully and willfully abstract and convert to their own use and to the use of others the property and other assets of said labor organization consisting of at least two official ballot packages in the December 2004 Election of officers, as described in paragraph 31 in Count Two above, owned by Local 743, each bearing the name of a Local 743 member, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1 through 16 of Count One of this superceding indictment are realleged and incorporated as though fully set forth herein.

2.     In or about November 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

### DAVID RODRIGUEZ,

while employed directly and indirectly by Local 743, defendant herein, did embezzle, steal and unlawfully and willfully abstract and convert to his own use and to the use of others the property and other assets of said labor organization consisting of at least twenty-two official ballot packages in the December 2004 Election of officers, as described in paragraph 28 in Count Two above, owned by Local 743, each bearing the name of a Local 743 member, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1. The allegations contained in paragraphs 1 through 16 of Count One of this superceding indictment are realleged and incorporated as though fully set forth herein.

2. In or about November 2004, at Chicago, Illinois, and elsewhere in the Northern District of Illinois, Eastern Division,

CASSANDRA MOSLEY,
DAVID RODRIGUEZ, and
THADDEUS BANIA,

defendants herein, while employed directly and indirectly by Local 743, did embezzle, steal and unlawfully and willfully abstract and convert to their own use and to the use of others the property and other assets of said labor organization consisting of at least ten official ballot packages in the December 2004 Election of officers, as described in paragraphs 33 and 34 in Count Two above, owned by Local 743, each bearing the name of a Local 743 member, contrary to rules and procedures governing the election of such officers.

All violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

37

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.     The allegations contained in Counts One Through Five of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     As a result of the Defendants' violation of Title 18, United States Code, Section 1341, 1346, and conspiracy, as alleged in Counts One Through Five of the foregoing Superseding Indictment,

RICHARD LOPEZ,
CASSANDRA MOSLEY,
DAVID RODRIGUEZ,
ROBERT WALSTON, and
THADDEUS BANIA,

defendants herein, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest the defendants may have in any property which constitutes and is derived from proceeds traceable to the charged offenses, including, but not limited to any property, real or personal, which constitutes and is derived from proceeds traceable to the offense, including, but is not limited to, the following:

a.     at least approximately $2,364,533 in authorized salary, expenses, and benefits received by defendants ROBERT WALSTON and RICHARD LOPEZ, for the period of January 2005 to December 2007;

    b.  any and all of their respective rights, titles, interests, memberships, and

positions in the Teamsters Union held by defendants.

   3.  If any of the forfeitable property described above, as a result of any act or omission

by the defendants:

      a.  Cannot be located upon the exercise of due diligence;
      b.  Has been transferred or sold to, or deposited with, a third party;
      c.  Has been placed beyond the jurisdiction of the Court;
      d.  Has been substantially diminished in value; or
      e.  Has been commingled with other property which cannot be divided
        without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States

Code, Section 2461(c).

   All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).


         A TRUE BILL:

         _____
         FOREPERSON


_____
UNITED STATES ATTORNEY